IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LES BREW,                          )<br>                                            )<br>            Plaintiff,               )  Case No. CV06-254-N-EJL<br>                                            )<br>vs.                                        )  MEMORANDUM ORDER<br>                                            )<br>THOMAS E. TIBBLES and      )<br>CALDWELL BANKERS GATEWAY REALTY,  )<br>et al,                                    )<br>                                            )<br>            Defendants.         )<br>_____)| |

      Plaintiff Les Breaw, proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Thomas Tibbles, a licensed real estate broker, and Coldwell Bankers Gateway Realty. Plaintiff alleges that Defendants violated his constitutional rights by failing to disclose certain environmental problems affecting property Plaintiff purchased in the State of Montana. Defendants now move to dismiss Plaintiff's action pursuant to Rules 12(b)(2), 12(b)(3), 12(b)(5) and 12(b)(6) of the Federal Rules of Civil Procedure. In the alternative, Defendants move for summary judgment pursuant to Federal Rule of Civil Procedure 56. The motions are ripe. Having fully reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record.  Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this matter shall be decided on the record before this Court without a hearing.[1]

---

[1] See Partridge v. Reich, 141 F.3d 920, 926 (9th Cir.1998) (holding that "a district court can decide without oral argument if the parties . . . . ha[ve] had an adequate opportunity to provide the trial court with evidence and a memorandum of law").

MEMORANDUM ORDER - Page 1
06ORDERS\Breaw_dis.WPD

**Standards**

On a motion to dismiss, the Court's review is generally limited to the contents of the complaint. Warshaw v. Xoma Corp., 74 F.3d 955, 957 (9th Cir.1996). The Court must "take as true all allegations of material fact stated in the complaint and construe them in the light most favorable to the nonmoving party." Id. "The Court is not required, however, to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." Lord v. Swire Pacific Holdings, Inc., 203 F. Supp.2d 1175, 1178 (D. Idaho 2002) (citing Clegg v. Cult Awareness Network, 18 F.3d 752, 754-55 (9th Cir.1994)). A complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief. See Morley v. Walker, 175 F.3d 756, 759 (9th Cir. 1999).

Summary judgment is appropriate if, viewing the evidence in the light most favorable to the nonmoving party, there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Adams v. Synthes Spine Co., 298 F.3d 1114, 1116-17 (9th Cir. 2002).

**Discussion**

The civil rights statute, 42 U.S.C. § 1983, requires a plaintiff to prove that a person acting under color of state law committed an act that deprived the plaintiff of some right, privilege or immunity protected by the Constitution or laws of the United States. Redman v. County of San Diego, 942 F.2d 1435, 1439 (9th Cir. 1991) (en banc). The Ninth Circuit has stated that "the first question in any section 1983 action is whether the section is the appropriate basis for a remedy." Ketchum v. Alameda County, 811 F.2d 1243, 1245 (9th Cir. 1987). In this regard, Plaintiff's Complaint must meet two essential elements: "(1) the conduct that harms the plaintiff must be committed under color of state law (i.e., state action), and (2) the conduct must deprive the plaintiff of a constitutional right." Id.

Here, Plaintiff's Complaint does not allege an injury committed under color of state law. Defendant Tibbles is an individual working as a real estate broker; Defendant Coldwell Bankers Gateway Realty is a privately owned and operated business. Neither is a state actor. Plaintiff attempts to avoid dismissal by arguing that both Defendants are state actors because they must

adhere to state regulation. This argument has previously been rejected by all courts that have considered it, including the United States Supreme Court. See, e.g., Jackson v. Metropolitan Edison Co., 419 U.S. 345, 350-51 (U.S. 1974) (stating that the"mere fact that a business is subject to state regulation does not by itself convert its action into that of the State"); Fidelity Financial Corp. v. Federal Home Loan Bank of San Francisco, 792 F.2d 1432, 1435 (9th Cir.1986) ("The fact that a business is subject to extensive and detailed regulation does not alone render its actions governmental."). Plaintiff cites no case law to the contrary.

Because Defendants are neither state actors nor acting under color of state law, they are not amenable to suit under 42 U.S.C. § 1983. Id. Plaintiff cannot cure this basic flaw in his pleading and therefore any amendment to his Complaint would be futile. Chaset v. Fleer/Skybox Int'l, 300 F.3d 1083, 1087-88 (9th Cir. 2002). Accordingly, Plaintiff's Complaint will be dismissed pursuant to Rule 12(b)(6).

## ORDER

Based on the foregoing, and the Court being fully advised in the premises, it is **HEREBY ORDERED** that Defendants' Motions to Dismiss (docket no. 9) is **GRANTED**, and the above entitled action is **DISMISSED** in its entirety.

DATED: **August 25, 2006**

Honorable Edward J. Lodge
U. S. District Judge